*155 OPINION of the Court, by
Judge Bibb.
-In this case the chief justice and second judge could not “ with propriety adjudicate,” and therefore refused to sit; whereupon, the third and fourth judges (u not being also disqualified”) composed the court according to the statute in such cases provided.
At the February term of the Bourbon circuit court, holden in the year 1806, Scott produced a notice, and accordingly moved the court “ to quash an execution, sued out of the clerk’s office of the late court of quarter sessions, by him against John M’Kinney and Robert M’Kinney, for irregularity the motion was continued until the next term, at which, after hearing the parties, it was “ considered by the court that the said execution and all proceedings thereon be quashed with costs.”
To this opinion the defendants in the motion tendered their bill of exceptions, stating the whole case and the testimony adduced, which was allowed.
The motion and case is as follows : “ Scott having obtained judgment, issued his execution against said John and Robert, directed to the coroner of Bourbon county, bearing date on the 4th Óf May 1796 : which execution was afterwards returned by the officer, as having been levied on a tract of land, whereon John M’Kinney lived, and farther proceedings stayed by reason of the said M’Kinney’s giving up other lands in Harrison county, and taking out a fieri facias to that county to sell the same.” This execution, directed to the sheriff of Harrison, bears date on the 8th of June 1796, and was issued by the clerk at the request of said John M’Kinney, upon his filing his affidavit that he was. the owner cf the tract of land in Harrison, upon which the said execution was afterwards levied. At a public sale of this land by virtue of the said last mentioned execution, which was returnable in August next succeeding its date, the said Scott became the purchaser at the price of £. 140 15s. tod. In September 1798, Scott procured a deed from *156 the sheriff of Harrison, for the tract of land as aforesaid, sold by the sheriff and purchased by Scott, the plaintiff in the execution, which at his instance was duly admitted to record.
Scott sued out another execution, directed to the sheriff of Bourbon, which was levied on a tract of land, which was exposed to sale on the eleventh of October 1798, but would not sell for three fourths of its value, whereupon the said John M’Kinney, with his securities, gave to the sheriff a replevin bond, to pay the balance due upon the said execution within three months, with interest and costs according to law ; which replevin bond was afterwards paid up to the said Scott, and taken in by said M’Kinney.
The motion aforesaid, as made and sustained, was t© quash the execution which issued to the county of Harrison, because it “ had improperly issued,” inasmuch as the previous execution to the county of Bourbon, had been levied by the coroner before that to Harrison had issued.
It is true that by the sixth section of “ an act subjecting land to the payment of debts,” passed in the year 1792, the request of a defendant to issue an execution to a particular county, grounded on his affidavit that he had land there, ought to have been made before the writ of execution was delivered to the officer ; and therefore the issuing of the “ Jieri facias’’’ to the county of Harrison, in this instance, subsequent to execution levied in Bourbon, was so far irregular, the before recited act operating upon the case. But whether the execution could properl}' issue to the county of Harrison, at the time of the request as aforesaid made by M’Kinney, depended upon a matter in pais, the nondelivery of the previous execution to the coroner of Bourbon ; and for any thing that appears in this record to the contrary, that the execution had been delivered to the coroner of Bourbon, previous to the request to issue, the one to Harrison, remained to be proved by parol, on the trial of the motion now under consideration. It is clear that the execution to Harrison county, was not void, as was contended for by the appellee. There was nothing on the files of the clerk to shew that this writ had irregularly issued to Harrison, on the contrary, the proceeding seemed regular. Having issued at the request *157 of John M’Kinney, upon his affidavit filed, he could ne=_ ver have been received to take advantage of his own, wrong ; and now the question is, whether the plaintiff in the execution, ought to have been indulged in his motion upon the circumstances, and at the tins in the case set forth.
We feel no difficulty in deciding, that the acceptance of the deed, the suing out of the second execution to the county of Bourbon, with the credit endorsed for the amount for which the land in Harrison sold, the receipt of the balance due on the replevin bond, were severally such acts cn the part of Scott, as amounted to a waiver of the objection urged in his motion.
The question argued at the bar, whether the statute of limitations applies to such motions, deserves great consideration, and may well be reserved for the decision of a majority of the court. But we are free to declare, that motions to quash executions ought to be made in convenient time. What that time is, which in the general shall be accounted convenient, whether at the court next succeeding the return of the writ of execution, or at any time before the execution is completely satisfied, or at what other period, we will not determine, sitting as a special court. But in this we are clear, that nine years and upwards after the irregularity has happened, and at the distance of seven years after the expiration of a re-plevin bond, satisfied without execution thereon, the time was a most inconvenient one for sustaining this motion, depending on a matter to be evidenced by parol.
It is therefore considered by this court, that the judgment of the said circuit court, in quashing the said execution with costs, be, and it is hereby reversed, set aside and annulled ; the cause is remanded to the said circuit court of Bourbon, with directions to overrule the said motion with costs,