*216 OPINION of the Court, by
Ch. J. Boyle.
This was an ejectment. On the trial, the plaintiff, to prove his title, produced in evidtnce a regular chain of conveyances from the patentee of the commonwealth to the defendant Hayden, and the record of a judgment and execution against him, together with a deed from the sheriff to the plaintiff for the land in controversy, purporting to be made to him as the purchaser at the sale under the execution. To avoid the conveyance from the sheriff to the plaintiff, the defendants offered to prove that the sheriff did not advertise the sale according to law, nor give notice to the defendant Hayden, then a resident of the county where the land was situated, of the day and place of sale ; that the sheriff at the day of sale declared that the sale would not be legal, and at first refused to proceed to sell, but was afterwards induced to sell by the plaintiff in ejectment, who was the agent of the plaintiff in the execution, and who gave to the sheriff a bond of indemnity, and became himself the purchaser. They also offered to prove that Hayden, the defendant in the execution, had, at the time it was levied upon the land, a sufficiency of personal estate to satisfy the execution ; *217 bat the court refused to receive the testimony: to which Opinion of the court the defendants excepted, and a verdict and judgment having been given against them,' they have appealed to this court.
uP°n ejecV S'jdecd'undw which plaintitf may *>* f”STand covin,
The only material question in this case is, the evidence offered by the defendants and rejected by the court below, was admissible or not ?
In the examination of this question, we will consider * — 1st, Whether the violation or failure of duty in the sheriff, in taking land when there was sufficient personal estate to satisfy the execution, or in not advertising and giving notice to the defendant in the execution of the time and place of sale, is in itself sufficient to viti-i»te the sale ?
■ And 2d, Whether when accompanied with the, other circumstances offered to be proven, such ⅞ violation or failure of duty on the part of the sheriff, does not render the sale voidable, and is not an available defence at law ?
The first point depends upon the correct construction of the “act subjecting lands to the payment of debts.” By the first section of that act it is enacted “ that lands, tenements and hereditaments shall and may, by virtue: of writs of fieri facias, be taken and sold in satisfaction pf all judgments, in manner hereinafter prescribed.” The subsequent sections, among other things, provide that the sheriff or other officer shall make the debt of damages first of the personal estate, next of the slaves, and lastly of the lands ; and prescribes when lands are seized the mode of advertising and giving notice to the owner or his agent, of the time and place of sale. As, prior to the passage of this act, lands were not liable to be taken and sold by virtue of a fieri facias, and as the act has made them liable )a the manner therein prescribed, it is argued on the part of the defendants that a seizure and sale not made in strict conformity to the manner prescribed by the act is void. Though the premises in this argument must be admitted to be correct, the conclusion attempted to be deduced from them does not necessarily follow. The intention of the legislature should in all cases govern in the construction of a statute ; but that intention should be collected, not from the phraseology of any particular part, but- from the whole statute taken together; However plausible the' *218 construction contended tor way appear, when the la;. - guage the first section alone is adverted to, we appre* head it will not be found to be correct, if the whole con-ttest of the law be taken into consideration. In some instances, the act in question has expressly declared that for a failure of the sheriff or other officer to com-plv with certain requisitions, the sale shall be void. Thus by the 6th section it is .provided, “ if the party against whom a judgment shall be entered, have several parcels of land in the same county, he or his agent may by a writing under his hand, at any time-before the day of sale, require the sheriff or other officer haying the execution, to make the debt, &c. of such parcels as the owner or his agent may think proper; and if the par-1 cels be in different counties, the clerk may, at the like request in writing, direct the execution to the sheriff of any county which the party or his agent (making oath that he hath land there) shall particularly mention i and if the debt, &c. shall be made of any other parcel of land, or of land lying in any other county than that mentioned in such written requisition, the sale shall be void.” So in the latter part of the same section, the sheriff or his deputy is restrained from purchasing lands sold by him under a writ of fieri facias ; and it is declared that the jifroperty of that which is so purchased by him, or any other to his use,shall not be thereby changed, &c. But for a violation of the duty of the sheriff in se^ing^ lands where there is a sufficiency of personal estate to satisfy the demand, or for a failure to advertise according to law, or give notice to the party of the time and place of sale, the law has not declared the sale to be void, but is upon this subject wholly silent. The in-tenttrn of the legislature that the sale should not be vitiated for a violation or failure of the sheriff in his duty in these respects, seems to be strongly, if not necessarily implied by their silence upon this subject, and by their express declaration that for a violation of his duty in other respects the sale should be void. For why, it may be asked, have they made different provisions in those cases, if the lav/ was not intended to have a different operation ? It is a correct rule, that where there is the same language used, or the same provisions made in different parts of the same law, it shall be coastrued to have the same effect in every part j and by a parity *219 vf reason, where there is a different language used, or provision made in the same act, the legislature must be presumed to intend that it should have a different effect. But were the intention , of the legislature still doubtful, the highly inconvenient consequences which would inevitably result from a construction that would vitiate the sale on the grounds now under consideration, ought, w« think, to be decisive against its adoption. If the purchaser of lands under an execution might at any time within which a real action may be brought, have his title impeached by proof that the defendant in such execution had personal estate of which the demand could have been made, or that the sheriff had not advertised or given notice to the defendant according to law, it must be obvious to every one that no prudent man would bid for land exposed to sale a sum any thing like adequate -to its value. Such a construction, as it would render the title insecure, would consequently tend to diminish the price of land sold under execution, and would in so much be prejudicial as well to debtors as creditors.
We must, therefore, conclude that in these respects the act is merely directory to the officer. Without doubt it is his duty to comply with its directions; and for a breach of his duty he would be responsible to the injured party ; but such a breach of duty is not in itself sufficient to avoid th<; sale.
Whether it is, when accompanied wkji the other circumstances offered to be proved in this case, is the next 'subject of inquiry. That these circumstances tend t<? shew that the plaintiff in ejectment participated in the illegal conduct of the sheriff, is evident. It is true that the bill of exceptions does not expressly state an offer to prove that he was cognuzant of the failure of duty on the part of the sheriff, and without such cognuzance he cannot be particeps criminis ; but that the testimony offered conduced to the proof of that fact, is clear. The declaration of the sheriff that the sale would be illegal » that he refused at first to proceed to Sell; that the plaintiff in ejectment, being the agent of the plaintiff in the' execution, induced the sheriff to sell by indemnifying hit» for doing so, and that he himself became the purchase!;» are all circumstances leading naturally tó such an inference. ’ Whether these circumstances are suffi-j*ient to es|ahlish the inference, is not a point either ne-. *220 Cessary or proper for us to decide: for it must be'recollected that the question is as to the admissibility oí the evidence, and whether it directly proves, or only conduces to the proof of a material fa¿t, it is equally admissible. Its weight must in this, as in every other case be determined by the jury ; but in an examination of its competency, we must assume for granted, not only those .facts which the evidence directly proves, but such as are naturally and plainly inferable from them.
The conduct of the sheriff being, therefore, illegal, and the plaintiff in ejectment being a particeps crhninis, it follows that the sale is illegal, covinous and fraudulent. That a sale thus affected with covin and fraud may be avoided, is a proposition too clear to require argument to prove.
‘ Whether the party may avoid it at law, or must be compelled to resort to a court of equity for relief, is a point of which at first view we entertained some doubt; but upon farther examination we can perceive no room for hesitation in declaring that the sale may be avoided ás well in a court of law as in a court of equity. The broad and general position that a court of law has concurrent jurisdiction with a court of equity, in matters of fraud, is to be found in every book which treats of the respective jurisdiction of those courts. This, to be sure, is not conclusive upon the point now under consideration : for a court of law, by givingjlamages for the fraud, as it may unquestionably do where the injured party elects to affirm the agreement and proceed for a compensation for the injury, might in one sense be said to have in such case a concurrent jurisdiction with a court of equity. But it is apparent from the most indisputable authorities, that such is not the sense in which the position has been understood and acted upori by courts of law : for courts of law, where the injured party elects to disaffirm the agreement, will relieve by avoiding the instrument obtained by fraud —3 Bac. Abr. title Fraud, letter D, and Wood’s Inst. 296, there cited. The case of Dutch vs. Warren, 1 Stra. 406, is founded upon and illustrative of this principle. That was an action upon the case for money had and received to the plaintiff’s use. On the trial it appeared that the defendant, in consideration of a certain sum paid bjf the plaintiff, had by a written agreement undertaken tó *221 transfer stock on a future day ; but having refused to transfer the stock, this action was brought: and it being objected that the action for money had and received would not lie, but that it should have been brought for the nonperfortfiance of the contract, the objection was overruled. This case is reported more at large, and the principle upon which it is bottomed better expounded by Lord Mansfield, in delivering the opinion of the court in'the case of Moses vs. M'Farland, 2 Burrows 1010. It is there said that the action in such cases is founded upon the notion of fraud. “ If one man takes another’s money to do a thing, and refuses to do it, it is a fraud ; and it is at the election of the party injured either to affirm the agreement by bringing an action for the nonperformance of it, or to- disaffirm the agreement ab initio, by reason of the fraud, and bring an action for money had and received to his use.” The same principle has been acted upon and sanctioned by the American courts. In the case of D'Utricht vs. Melchor, 1 Dallas 428, it appeared that the plaindff had bought a tract of land from the defendant, but as upon inquiry no land of the description contained in the defendant’s deed to the plaintiffcould be found, the latter, to recover back the consideration money wh ch had been paid, brought an action of indebitatus assumpsit for money had and received. And although it was objected that the action should have been covenant or deceit, yet ,it was held that the action for money had and received would lie, and that it might be maintained by evidence that the defendant got the money by mistake, imposition or deceit. The case of Weaver vs. Bently, (1 N. Y. Term. Rep. 47) is a case of a similar description, and the court there held that the plaintiff had his election either to proceed upon the covenant and recover damages for the breach, or to disaffirm the contract and bring assumpsit to recover back what he had paid. And in the case of Allison vs. Mathier, (3 Johnson.235 where the plaintiff had sold certain articles of property upon credit to one Leblanc, a stranger, upon the fraudulent representation by the defendant that Leblanc was wealthy, and the property afterwards came to the possession of the defendant, it was held that an action of trover and conversion would lie upon the ground that as the sale was fraudulent the right of property did not pass thereby.
*222 Whether the courts in some of the preceding cases have not gone too far in inferring fraud merely from* the circumstance of the inability cr refusal of the defendant to perform his agreement, we will not pretend to determine, since that consideration cannot affect the principle that where the agreement is fraudulent it may be treated as a nullity by the injured party in a court of law. This principle, in its application to a conveyance of land, was recognized by this court in the case of Bell and Gist's heirs vs. Drake, spring term 1799, Hard. Rep. 36, where it was held that the defendant in ejectment might defend himself by shewing that the deed under which the plaintiff claimed was fraudulent. It may be thought perhaps by some, that as the defendants’in that case had agreed to purchase the land in contest prior to the conveyance to the plaintiff, the case is within the statute declaring conveyances made with an intent to deceive purchasers, to be void; but it seems clear, that to bring the case within that statute, the defendant should have had a conveyance : for without a conveyance he could not be said to be a purchaser : so that the case must have turned upon the effect of fraud at common law. Besides, the only alteration which that statute has been supposed to have made in the common law, is, that it has given to those having a, subsequent interest a right to avail themselves of the vitiating effect of the fraud ; whereas by the common law it was only those who had a precedent estate or interest, that could do so — See Bac. Abr. tide Fraud, letter C, and the authorities there cited.
We are, therefore, of opinion that the evidence offered in this case was admissible, and that the court below erred in rejecting it.
Judgment reversed with costs, and cause remanded^ fora new trial to be had not inconsistent with the fore-'' going opinion.