Judge Davidge
delivered the opinion of the Court.*
THIS was an action of ejectment, in which Coleman was iessor of the plaintiff, and Locke and Fleming were defendants below.
Evidence,
Instruction-;: moved ami overru1^'
It appears from a bill of exceptions taken in the «jase, that Coleman claimed by purchase under six exe-eutions against Finley, the fprmer proprietorof a house and lot, on which several of the executions had been levied prior to the date of the lease under which the defendants claimed title, and a deed made to Coleman by the sheriff, bearing date the 13th of March 1823. The sale was made the 21st of February 1823, to satisfy the said several executions, writs of venditioni exponas having issued. The sheriff set all the premises up, and sold under all the executions, at the same time, without discrimination, except that ‡300 and some odd, were to be paid in hand, and for the residue bonds were to be given. The property sold for $ 1,250, a Sum less than the amount of the executions.
It also appears that one of the executions was assigned to Redman, the deputy sheriff by whom it was levied, and that another was the property of one Patton,, the deputy who mad.e the sale, All these writs of ven-ditioni exponas, the executions that preceded them, the judgments upon which they were issued, and the proceedings at law in each case, were rea8 in evidence; and it being proved that the defendants were in possession of the house and lot, at the time of the ejectment brought, the counsel for the defendants moved the court to give the following instructions to the jury:
“ 1. That, from the evidence, the law was for (he defendants, & that the verdict should be for them, on the ground that the lessor of the plaintiff, having purchased the property as that of Finley, could not recover against the lease o.f Finley to the defendants, he being estopped by the lease.”
“ 2. That the defendants werp tenants at will, or quasi tenants at will of the lessor, and he not having given six months’ notice to quit, before bringing the ejectment, could not recover.”
“ 3. That if the jury should be of opinion, from the evidence, that the foregoing executions had been held up an unreasonable time from the levy, before a sale was effected, the law was for the defendants.”
All of which instructions were overruled by the court, to which the defendants excepted. They then proved and read in evidence a lease from Finley for five years, bearing datpthe 4th of Match 1822,
Verdict for triaTrehised""
A lease made by defendant cution^iaf3" been levied on the land, üon°to^a' re" coveryby the purchaser.
Tenant who under'such a lease, is not tenant of the ontiteTu)& notice to quit
Lien on lamí execution is not lost by delay in sell-inS-
That one sale only was made of a SSB5S5: oral oxoou-tions in favor •not be alieg-od against the sale, in an ^^chaser^m recover the possession,
*14 The jury found a verdict for the lessors of the plain-tiíí, and the defendants moved for a new trial, which was overruled by the court. The defendants except-ecj, spread the evidence on the record, and appealed.
The errors assigned question the correctness of the °P^ni°n °f the court below in refusing la give the instructions asked; and whether the court erred in refusing to give the instructions, is the only point necessary for this court to decide.
It would seem, from the first instruction asked, that the counsel for the defendants below thought, as Coleman derived title under Finley, that he was estopped by Finley’s lease. Whatever weight this idea might be entitled to, under a different state of case, we apprehend it cannot affect the present, as, before and at the ^me ^ease purports to bear date,, there were sever-a^ executions actually levied on the house and lot, and remained unsatisfied, and which we ebneeive operated as a lien thereon. To allow the lease, under such circumstances, to work an estoppel, would be to allow a, person whose property was bound by an execution, to make a lease to a third person, and, thereby deprive his creditors from selling it; and thus carry the doctrine of estoppel beyond the bounds of reason or justice. .
The second instruction is predicated on the idea that ^essees were tenants at will, and therefore six. months’ notice to quit, was necessary to be given, before-the action could be maintained. This ideáis negative<F by the fact apparent on the face of the lease, which shows they were tenants for the term of five years; and a notice to was not
The third instruction appears to be bottomed upon n°l'on that after an execution is levied, the officer is bound to sell within a fixed time, or the execution ceases to bind the properly. Rut 'this is not like the case of an execution which hasnof been levied, in which case ^ would be necessary to be kept up by new e-xe-cutions, to bind the property. When an officer has. once levied, he may sell at any time, and. the lien con- «* *• d»“
It has been said in argument, that the sheriff’s , sale was illegal and void, because, as the executions were-several, the sales should have been separate and distinct. We arc not apprised of any law that compels an officer who has several executions in his hands, which *15 are levied on the same property, to make distinct sales on each, although we aré persuaded it is the most reg-alar way; but his selling under all at the same time, if improper, can only be considered as an irregularity in conducting the sale, which would render him liable to an action by any person aggrieved, but would not affect the purchaser, or render the sale void.
jn SUc^ case was endorser útywhomade the sale, does affect the Purchaser*
Crittenden, for appellant; Éibb, for appellee.
It has been contended, that no more of the house and lot should have been sold, than was sufficient to satisfy each execution. It will be unnecessary to decide how far a house and lot is subject to division, as, in this case, the executions more than covered the amount for which the property sold.
Thirdly and lastly, it has been urged that the sheriff who conducted the sale, was interested in one or more of the executions under which the property was sold, It does not appear that the executions were in his name, and we do not conceive a purchaser is bound to notice an endorsement on an execution, which is for the bene-Sit of a third person, although it be for the officer self. If the executions which came to hand and were levied after the lease bears date, and in which the officer that made the sale had an interest by endorsement thereon, did not convey an authority to sell on them, they certainly could not impair or divest the authority which he derived from those which came to hand' and were levied prior to the date of the lease. But, admit it was irregular to unite the executions, we conceive it would only affect the officer, and not the creditor or purchaser, neither of whom had any agency in conducting the sale. It has been decided, if property ts sold to a stranger, by an execution voidable but not void, or sold under an execution on an erroneous judgment, which is afterwards reversed, the sale will nevertheless be valid. 2 Bibb 202, 506; 8 Co. 96; 1 Bac. 34. The law forbids the officer to sell land, where there is. sufficient personal estate, or to sell property taken under execution without advertising it; yet the sale is good, in either case. 2 Bibb 403, 3 Bibb 216.
We agree in opinion with the court below, and think the court properly refused to give the instructions asked. The judgment below must be affirmed with costs.

 Judge Trimble absent.