Ch. J. Barry
delivered the opinion of the Court.
THE appellant, after judgment against him in ejectment, in the circuit court, in favor of William Payton, .had commissioners appointed under the occupying claimant laws, who reported a balance in his favor of $603 16 1-2, for which the appellant had judgment at the February term 1808.
This judgment was subsequently revived by scire fa-cias, and execution issued for the amount, against Pay-ton, in November 1810. A small amount was made on it. A second execution issued on the 4th of February 1811, upon which $391 81 was made. A third execution issued on the 6.th of April of the same year, was levied on personal estate, but not sold for want of time lo advertise. On the 5th of June 1811, a fourth execution issued, and the balance of $20 1 27 1-2 was made by the sheriff, and paid to the plaintiff on the 11th of July 1811.
~ At the May term of the circuit court, 1823, Mary Payton, the administratrix of William Payton, had a rule against the appellant, to show cause why the executions of the 4th of February and 5th of June 1811, should not be quashed, because the said William Pay-ton had departed this life before their emanation. In obedience to the rule, the appellant appeared and opposed the motion, insisting that it was not the appropriate remedy, and that it was barred by the lapse of time. It was proved that William Payton died on the 10th of June 1811. Upon this state of case, the circuit court sustained the motion, so far as to quash the execution that issued on the 5th of June, and ordered restitution of the money that had been made under it, with interest; to reverse which judgment* this appeal is prosecuted.
After the death of the only defendant in an execution, the sheriff cannot proceed further, tho’ the estatp had been, previously levied upon, without revivor.
But the motion to quash and set aside proceedings for such irregularity, & tq obtain restoration of the moqey, •whether barred by the statute or not, must be made in reá-sonable time.
Insqcb case, Hot 12years ble, andabar toiiny motion for the purpose.
Courts will regaul the whereverThe object is ¡sorely to cor-
After the death of the Intestate, Payton, it was i'rregj ular for the sheriff to have proceeded further under the execution. See Wagnon vs. McCoy’s executors, 2 Bibb 198. Foj this cause the execution might well have been quashed, and restitution ordered, if the motion had been made in due time.
Whether the statute of limitations applies to such cases, is a question that does not appear to have been decided; but it would seem proper that motions of this nature should be made in convenient time. It is essential to the ends of justice, and to the quiet and repose of litigants, Whqt that time ought to. be, it is not necessary now to determine. It maybe best to leave each particular case to rest pn its own circumstances, under the sound discretion of the court. A distinction has been taken between cases where the grpunds of the mo-r tioq appear of record, and where they are to be made out'by parol proof. In the former, time, is not consid-ed so important as in the latter, In the case of Miller vs. Anderson, Litt. S. C. 169, where execution had issued after the year and day, without reviving the judgment, it was decided that it might be quashed on mot tion, although nearly seven years had elapsed. W.e are not favored w|th the reasons of the Judge, and cannot readily perceiye the principle that justified the decision.
In the case of M’Kinney vs. Scott, 1 Bibb 155, a motion to quash an execution for an acknowledged . irregularity, was denied, after the lapse of nine years from the time it occurred, and of seyen after the money had been paid. The grounds of the motion, as in the present case, were made out by parol proof.
In this case, more than eleven years had elapsed after the error complained of, before the motion to quash, Was ma(}e. Longer time ought, in reason, to be given "ie representative oí a dead man, than to one who stands ready to assert his rights. It does not appear when the appellee administered on the estate of her husband. The presumption is, from the emergency of such cases, that it was shortly after his death, Allowing her one year to look into the condition of the estate the intestate, and still a longer time will have inter-veiled between the irregularity and the motion to quasht than did in the case referred to, of M’Kinney vs. Scott,
reot irregula«ties, & not substantial justice,
Mandate.'
Depent, for appellant; Tauljfot appellee.
Whet} the policy of the law has limited to a much shorter time, just demands for redress of injuries arising from actual error injudicial proceedings, courts cannot fail to regard the lapse of time, when the object is to correct mere irregularities, and not to promote sub-stanlial justice.
From the view taken, we are satisfied that the court did wrong, to sustain the motion.
The judgment of the circuit court is reversed with costs, and the cause remanded, with directions to overrule the motion with costs, &c.