WRIGHT, J.
The question before us izzvolves the inquiry whether after sale of land on execution, a confirmation by the court, and deed to a stranger to the record, it is competent to inquire into the 459] "‘legality of the ajzpz-aisement, in order to invalidate the sale. The statute of February, 1824, 22 O. L. 111, 12, expressly provides that the deed shall bo, prima facie evidence of the legality of the sale and of the proceedings, and vest the puz-chaser with as good a title as the judgment debtor had, &c. In this case there has been a judgment, levy, appz-aisement, sale, order of confizunation, and deed; but a defect in the appraisement has been discovered, which escaped the notice of counsel before, and the court in confirming the sale. This court has decided heretofore, .that the purchaser at sheriff’s sale relies upon the judgment, the levy, sale, and deed; and that all other questions as to the regularity of the proceedings, are between the parties to the judgment and the officer; 3 O. 191; 4 *471 Wheat. 503; 16 John. 537; 3 Bibb, 217. Those matters are not mow open for examination between the judgment debtor and a purchaser who is not a party to the judgment.
Judgment for the defendant.