Chief Justice Robertson
delivered the original Opinion in this case, on the 10th of May, 1882. The cause having been submitted before Judge Nicholas cante upon the bench, he took no part in the decision. The Opinion was afterwards suspended by a petition for a reh'earing, until the present tine, when the annexed supplemental Opinion was delivered by the Chief Justice,- and the former Opinion confirmed.
This is a writ of right sued out by Anne T. Sanders and othe,’S a£ainst Lewis B,,skirk
On the trial, upon the general mise as to the mere right, after the demandants had proved a regular deduction of legal litle from the Commonwealth, and had also proved actual' seizin within proper time, the tenant, without attempting to shew any perfect title in himself, or in any other person under whom he held, was permitted to read a record of a proceeding in favor of one John Norton against the demandants, from which it appeared, that the land in contest had been sold to satisfy a fieri facias upon a judgment against them, in favor of Norton, and had been purchased by him, and that the sheriff had conveyed to him the title. He wjas also permitted to read a record of a motion, made by the de-mandants against Norton, for a quashal of the sale under the fieri facias ; — to all which the demandants excepted; and thereupon, they offered to prove that the sale ofthe land under execution, was collusive and fraudulent, as between Norton and the sheriff who made it. But the circuit court rejected the proffered proof, and instructed the jury, that the judgment overruling the motion to quash the sale, was conclusive as to its fairness and va- *411 liclity ; and that; if they believed that Buskirk was in ■possession of the land included in the sheriff’s deed to Norton, they should find for him.
That the def’t in a writ of right is not tenant of the freehold, is matter of abate- • ment only.
Defendant in a writ of right may shew that demandant has been divested of his title, and so has no right to recover.
But the deman-dant may show, that the sale and deed purporting to divest him of title, was collusive,. fraudulent and void.
A motion to set aside a sale, overruled, will not preclude p. party from show ing that the sale was fraudulent and void, upon other grounds, not contained in the notice, nor attempted to be proved on the trial of the motion. tfee the supplemental opinion, p. 412.
Verdict and judgment were consequently rendered for the tenant.
Though Buskirk seems not to have been a tenant of the freehold, yet, as that fact was pleadable in abatement only, (see Green vs. Liter,) it could not affect the right of the demandants to recover on the general mise — no plea in abatement having been filed.
It was permissible for the tenant to use the first record, which was read, for the purpose of shewing that the demandants had been divested of their title, and, therefore, had no right to the land.
But the record of the motion was inconclusive as to the alleged fraud ; and we have no doubt, that, unless they had been estopped by that record, the demandants had a right to avoid the effect of the sheriff’s sale and of his decree, by proving that the sale was fraudulent and void. See Hayden et al. vs. Dunlap, 3 Bibb, 216.
The judgment, on the motion to quash the sale, was not conclusive as to the fraud, because the record not only does not shew that the fraud was decided upon, or attempted to be proved, on that motion, but tends to prove that it was not then investigated, and could not have been, as the notice did not rely on that ground ; and this inference, from the record itself, is fortified by the opinion of this court on a writ of error to reverse the judgment of the circuit court on the motion. 4 Mon. 464.
As it does not appear that the imputed fraud in the sale was ever tried, the judgment overruling the motion to quash the sale on other grounds, should not conclude the demandants as to that matter ; even if, otherwise, it might be conclusive ; as to which latter point, we shall not express any opinion, as it is not necessary to do so.
Wherefore, the instruction of the circuit court was erroneous ; and consequently, the judgment must be reversed, and the cause remanded for a new trial.
Points relied on for a rehearing.
A writ of right abates in the circuit court by the death of a party, and there can be no revi-vor. ¡ 'ut an appeal, or writ of error, prosecuted to reverse a judgment, on a writ ofright,and abated by the death of a party, may be revived and prosecuted by his legal representative, or by a co-party.
The right to-have an erroneous judgmentre-vised if corrected, never dies with the party, but survives to his representative, not-withstandingthe cause of action upon which the judgment was rendered,, would •not have survived.
A judgment o-veriuling a motion to quash a sale for irregularity, will not preclude a party from impeaching the sale and deed lor fraud, in another trial, where the question arises incidentally. Ante p. ill.
*412 SUPPLEMENTAL OPINION.
" The reargument has not changed the" former opinion-of the court.
Two points have been urged by the counsel for the appellee; — First, that, as a writ of right cannot be revived in the circuit court, it was improper to revive this suit in. this court, and that it should have gone off by abatement, in consequence of the death of one of the demandants, Walker Sanders, during the pendency of the appeal.' Second, that the judgment on the motion to quash the sheriff’s sale, was a bar to any impeachment of, the sheriff’s deed for fraud in the sale.
Neither point is tenable.
First. Although the death of Walker Sanders might have abated the writ of right for Ihé land, in the circuit court, nevertheless, his representatives, as well as the co-de-mandants, have an unquestionable right., if the judgment be erroneous, to reverse it, and g.et clear-of the costs, and be reinstated. Can it be seriously doubted that, in a personal action, which dies with the person, for example, slander, an erroneous judgmént may be reversed by the representative of either party who may have been prejudiced ? The object of a reversal is not to prosecute the action of slander, but only to correct an injurious error, the right to do which does not die.
Second. Wé repeat, that fraud in the sale was not one of the causes assigned in the notice for quashing the sale ; nor was it investigated on the hearing of the motion ; and this obvious deduction from the record is “fortified’7 by the opinion of this court, in 4 Mon. 464, because it evidently gives the same construction to the grounds relied on in the motion to quash, and the same interpretation of the character of the investigation in the circuit court, as are now given by this court. A motion to quash a sale for irregularity — want of notice for exalm-ple, surely would not bar a bill in chancery to set it aside for fraud. And it seems to us quite manifest, that a similar motion for the like cause would not preclude a party from defending bis possession when sued on the *413 sheriff's deed, by proving that the,sale was fraudulent, and the deed therefore void.
Whether a motion to quash a sale for fraud should be sustained after a motion’ to quash it for irregularity merely had been overruled, is a question which we need riot now discuss; for a decision of it either way could not affect the question which we are called on to consider.
A motion to quash a sale, and the right to resist a deed made in consequence of the sale, are very different things. A party may not have a right to maintain a motion to quash the sale, and still may have a right to impeach the deed for fraud, and will always have that right until he shall have once attacked the deed for fraud and shall have failed, or until he shall have relinquished or lost the right by lapse of time.
Wherefore, the former opinion must remain unaltered.