## WARE v. BRADFORD.

1. After plea pleaded in an action of trespass to try title, no objection can be taken to the declaration either for form or substance, unless the insufficient description is carried into the verdict and judgment.

2. A sheriff's deed cannot be collaterally impeached for any irregularity in his proceedings, or in the process under which he sells. All that is essential in such a case is, a judgment, execution thereon, levy, and the sheriff's deed.

3. The statute which requires the sheriff to advertise lands thirty days before the sale, is directory merely.

Writ of error to the Circuit Court of Talladega County.

ACTION of trespass under the statute to try title and recover a tract of land.

In the endorsement on the writ, the land sought to be recovered is thus described: the southeast quarter of the northeast quarter of section one in township nineteen of range four east; and all that part of the *south half* of said section one, in said township and range, as is not included in a deed from defendant to William Thompson, in possession of the defendant. The same description is pursued in the declaration, except the *north half* is substituted for the *south half* in the endorsement of the writ. The case was tried on the general issue, and a verdict returned in these words: "the jury find for the plaintiff the lands described in the sheriff's deed, to wit: all that portion of land commencing at the half mile stake on the eastern line of section one, in township nineteen, of range four east, in the Coosa Land District, to run from thence south 40°5', west 41 27-100 chains to a stake; thence north 83°30', west 9 60-100 chains to a stake; thence north 4°35', west 12 38-100 chains to a stake; thence south 85°10', west to the next boundary line of said section; thence northwest *to* the section line to the half mile stake; thence east to the beginning corner: also the southeast quarter of the northeast quarter of the same section, township and range. And we further find for the plaintiff, and assess his damages of rent, at eighty-four and fifty one-hundredths dollars." On the verdict, judgment was rendered, that the plaintiff recover of the defendant *the lands described in the said verdict;* for which a writ of, &c., and rendering judgment for the sum assessed and the costs of suit.

In the progress of the trial, the plaintiff introduced record evidence of three judgments, two in favor of the Bank of the State of Alabama, and the other in favor of *John W. Wright, jun.,* assignee, &c., and all of them against the defendant Ware. Also, a *fi.fa.* in favor of John Wright, jun., for the same sum as named in the judgment of John W. Wright, jun., assignee. This *fi. fa.* was returned, levied on two yoke of oxen and a gray mare, for which bonds were taken for the forthcoming of the same on the fourth Monday of April, 1839; and also returned forfeited.

The execution was objected to as inconsistent with the judgment. The objection was overruled, and the defendant excepted.

A *fi. fa.* at the suit of John Wright, jun., assignee, v. Bennet Ware and R. H. Ware, his security on the delivery bond, for the same amount of money as the last, except that the costs were increased two and eighty-seven one-hundredths dollars.

On this *fi. fa.* is endorsed a levy on lands under date of fourth June, which are described merely by initials and figures; and afterwards, under date of 27th August, 1839, is endorsed a levy describing lands precisely similar to that contained in the verdict. Then follows a statement, that the lands were sold in one body on the first Monday of October, 1839, before the court-house door in the town of Talladega, having given said defendant in execution personal notice of said levy and sale as required by law ; that Bradford, the plaintiff in this action, became the purchaser, being the largest bidder, for twelve hundred dollars, which pays the execution, and the balance is retained to be applied to two executions from Tuscaloosa Circuit Court heretofore levied on the same land. Then follows a description of the *fi. fas.* in favor of the Bank.

All this was objected to by the defendant, because the execution was inconsistent and variant from the judgment. This was overruled, and the defendant excepted.

The defendant next objected to reading the execution, because the levy did not show a notice to the defendant of the levy. The Court permitted the sheriff to amend, and the amendment was made by inserting the words which appear in the levy and return, with respect to notice. To all this, the defendant objected, and excepted.

The sheriff's deed was then introduced, executed 7th October, 1839, and conveying the lands described in the levy to the plaintiff. Also, evidence conducing to prove that the lands described were the same on which the defendant resided at the date of the judgment; at the time of the sale, and up to time of trial. On a cross examination. it was proved, that when the sheriff offered the lands for sale, he proclaimed that it was the land on which defendant resided, and said he was going to

sell some lands, from a newspaper, and read from the newspaper the following advertisement:

" Will be sold before the court-house door in the town of Talladega, on the first Monday of October next, the following tracts or parcels of land, to wit "—here is inserted a description similar to that contained in the verdict, except that the numbers are designated by figures, and the courses are designated 40m. 5sr., and so throughout whenever degrees or minutes are indicated in the verdict.; and except, also, that the sixteenth of the section is designated as the southeast quarter of the *north quarter,* instead of the proper description.

The advertisement then proceeds to state as whose property, &c., it is to be sold; and is signed by the sheriff. It was proved, that a plot made by the description of the advertisement, would not include any of the lands mentioned in the sheriff's deed, except the forty acre tract, unless the bearings should be designated and the lines governed by the stakes and corners mentioned in the advertisement; but that if m. stood for degrees and s. for minutes, then a plot by the advertisement would include the lands described in the deed. It was also proved, that these letters, m. and s., were not used in common surveying. The plaintiff proved that the defendant was present when the sale was made by the sheriff, and made no objection so far as heard by the witness. Plaintiff also introduced a deed from the defendant to one William Thompson, and proved that the lands embraced by the sheriff's deed included all that portion of the south half of section one not included in Thompson's deed. He also proved the yearly value of the lands, and that they were situated in Talladega county.

The plaintiff closed his evidence, and no other evidence than stated was introduced. The defendant introduced no evidence whatever. After the plaintiff's attorney had commenced his concluding argument to the jury, the plaintiff offered to read in evidence the delivery bond for two yoke of steers and a gray mare, which bond was returned forfeited on the 1st April, 1839. The defendant objected to this bond in evidence, as it was then too late, and because it was inconsistent with all the other papers. The objection was overruled,

and the defendant excepted. The defendant then requested the Court to instruct the jury—

1st. That if the lands described by the advertisement under which the sheriff sold, were not the lands described in the sheriff's deed, then the jury ought to find for the defendant.

2d. That the sheriff could only sell and convey the lands described in the advertisement under which he sold ; that the proclamation of the sheriff that they were the lands on which the defendant then resided, could give no authority to the sale and conveyance ; and unless the lands described in the sheriff's deed to the plaintiff are the lands described in the advertisement, they ought to find for the defendant.

3. That the documentary evidence of title read by the plaintiff, was not sufficient to enable him to recover.

4th. That the plaintiff is bound to show that the defendant had such an estate in the lands as was liable to be sold under execution.

5th. That the plaintiff must have proved a notice to the defendant to quit possession, or he is not entitled to a verdict.

6th. That the plaintiff must have proved that the sheriff advertised the lands thirty days before the sale, or he is not entitled to recover.

All these charges were severally refused, and the jury instructed, that the title of a purchaser of lands at a sheriff's sale, is good if the sale is fair, and there is no fraud or collusion between the purchaser and the sheriff, even though the sheriff had wholly failed to advertise the lands.

The defendant excepted to the charges refused and given, and prosecutes this writ of error to reverse the judgment. He assigns that the Circuit Court erred in the several matters excepted to; and also, that the declaration is uncertain and insufficient—the verdict in the same condition, and variant from the declaration.

PECK, for the plaintiff.
STONE, contra.

GOLDTHWAITE, J.—1. The plaintiff in error, has relied, chiefly, on two positions, as showing error in the proceeding now to be examined. The first of these relates to the suppos-

ed variance in the description of the lands recovered by the verdict, from those described in the declaration; and the second embraces all the supposed errors, and irregularties in the advertisement, and other proceedings previous to the execution of the deed.

The description of the lands in the declaration, is very vague and indeterminate. It can only be made certain by reference to a deed which is not pretended to be set out. This point was very fully considered in Sturdevant v. The heirs Murrell, of in 8 Porter 317, and the conclusion then, was, that in such a case as this, the declaration ought to describe the land in controversy with so much certainty and precision, as will inform the defendant what he is to defend against. But it was also held in that case, that after plea pleaded the objection to the declaration was unavailable, unless the insufficient description was also carried into the verdict and judgment. This decision was made in the terms of the statute of 1811, which provides, that after issue joined in an ejectment upon the title only, no exception to form or substance shall be taken to the declaration in any Court. [Aik. Dig. 266 S. 46.]

We think it evident, that the *north half* has been inserted in the transcript by a clerical mistake, as the endorsement of the writ corresponds in this particular with the verdict, and it is entirely out of the question, from all the evidence in the case, that the controversy had any thing to do with the *north half*, of the section of which the one-eighth had been before stated with certainty of description. We should feel well warranted therefore in deciding this to be a clerical error, and consequently, would omit to notice it, or consider it as amended.

2. But independent of this, we think it is covered by the statute. If no objection can be raised to the declaration after verdict, it cannot be placed in connexion with any other matter to show error, unless it be made a part of the subsequent proceedings. And in the latter event, the objection would not be to the declaration as such, but to the insufficiency of the verdict, if that formed the subject of complaint.

Such was the case in Sturdevant v. Murrel's heirs, before cited, when an insufficient description in the declaration was re-

ferred to as the description of the land in the verdict. We think that the variance cannot be now considered, and the verdict is certain and distinct. The only error consists in one of the lines running *to* the section line to the half mile stake, when it would have been more precisely accurate to have said *by* the section line to the stake.

3. All the questions raised at the trial with respect to the supposed irregularities may be disposed of with a very brief examination. Lands are declared subject to the payment of all judgments and decrees by the 9th section of the Act of 1812. (Digest 163.) And by the same Act it is declared, that the sheriff shall make a title to the purchaser, which shall vest all the defendant's title, &c. It is true, that by the same statute the sheriff is required to advertise the lands thirty days, but we consider this to be a direction to the sheriff merely, and cannot avoid the sale, when the enquiry is as to the effect of the sheriff's deed.

The question here presented, though novel in our own State, has frequently received adjudication elsewhere, and it may be assumed as settled law, that a sheriff's deed cannot be collaterally impeached for any irregularity in his proceedings, or in the process under which he sells. All that is essential in such a case, is a judgment, execution thereon, levy and the sheriff's deed.

In the case of Wheaton v. Sexton, 4 Wheat. 503, the Supreme Court of the United States expressed some astonishment, that a similar question should be raised in that Court, and say that the purchaser depends on the judgment, the levy and the deed. All other questions are between the parties and the Marshall.

So also, it has often been held, that the purchaser is not bound or affected by the irregular acts of the officer, or of the plaintiff, in which he did not participate. [Kinney v. Scott, 1 Bibb 155; Rearden v. Searcy's heirs, 2 Ibid. 202; Brown v. Miller, 3 J. J. Marshall 439.] Other cases might be adduced from other States, but it is unnecessary.

The reason why these irregularities do not form the subject of inquiry between the purchaser and the defendant in execu-

Ware v. Bradford.

tion, seems to be, that the latter has an adequate remedy against the sheriff, for any injury he may have sustained.

Another reason why he will not be permitted to attack the deed collaterally, because the Court, where the judgment exists, can control the improper action of the sheriff, and set his proceedings aside, if any injury has resulted from his irregularities. This was held by this Court in the case of Mobile Cotton Press and Building Co. v. Moore & Magee, 9 Porter 679, where an irregular sale was set aside, after the execution of the sheriff's deed.

We are satisfied that the defendant can only enquire into the validity of the judgment in those cases, where his right has been divested by a sheriff's sale, after the levy of an execution. All other questions are between him and the plaintiff, or between the parties and the sheriff, or those claiming under him in a direct proceeding to set aside the deed for irregularity in the sale, &c. When this is not done the title of the purchaser cannot be impeached for any irregularity.

This leads to the conclusion, that the Circuit Court did not err in the charges given and refused.

The other questions presented by the exceptions have not been seriously pressed, and we do not consider ourselves called on to examine them

Let the judgment be affirmed.

COLLIER, C. J.—After the defendant has pleaded "not guilty," to an action of trespass, to try titles, he cannot avail himself of an objection to the declaration. But the proof of the plaintiff must conform to his declaration—it is there we are to look, to ascertain what is in issue between the parties. If the plaintiff adduces evidence to prove his title to lands not described in the declaration, such proof is clearly inadmissible, and does not entitle him to recover.

Whether in the present case, the declaration as copied into the record, does not discover a clerical error, rather than a substantial misdescription of the land, we need not inquire.